# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BECKLEY

**VIRGIE GRAHAM,**

      **Plaintiff,**

v.                                                Civil Action No. 5:16-cv-03023

**AUTO TRAKK, L.L.C.,**

      **Defendant.**

## NOTICE OF REMOVAL

Defendant Auto Trakk, L.L.C. ("Auto Trakk"), by counsel, hereby removes this action from the Circuit Court of Kanawha County, West Virginia, to the United States District Court for the Southern District of West Virginia, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. In support of this Notice of Removal, Auto Trakk states as follows:

### I. PROCEDURAL BACKGROUND

1. On or about June 4, 2015, plaintiff Virgie Graham ("Plaintiff") commenced this civil action by filing a complaint in the Circuit Court of Raleigh County, West Virginia, captioned *Virgie Graham v. Auto Trakk L.L.C.*, Civil Action No. 15-C-496-H (the "Civil Action").

2. Plaintiff's Complaint asserts five claims: (1) violations of sections 2-124, 2-125, 2-125(d), 2-127, and 2-128 of the West Virginia Consumer Credit and Protection Act, W. Va. Code §§46A-1-101 *et seq.* ("WVCCPA"); (2) violation of the West Virginia Computer Crime and Abuse Act, W. Va. Code § 61-3C-14a; (3) violation of the West Virginia Telephone Harassment Statute, W. Va. Code § 61-8-16(a)(3); (4) common law intentional infliction of emotional distress; and (5) common law invasion of privacy. (Compl. ¶¶ 4-27.)

3. Plaintiff is seeking actual damages; statutory damages adjusted for inflation; fees and costs; general damages; and punitive damages. (*Id.* at *ad damnum* clauses after ¶ 27.)

4. The Complaint is devoid of the number of alleged violations of the WVCCPA and does not contain information regarding the damages being sought by Plaintiff. Thus, it was not removable when filed. *See Adkins v. Wells Fargo Fin. W. Va., Inc.*, Civil Action No. 5:09-cv-00405, Doc. No. 9, Memo. Op. and Or. (remanding a case with similar, general allegations for failure to meet the amount in controversy required for diversity jurisdiction).

5. On February 29, 2016, Plaintiff responded to discovery. (Ex. A, Pl.'s Disc. Resps.) Plaintiff's responses indicated that Plaintiff is contending that "every communication [after August 15, 2013] was a violation of West Virginia law." (*Id.* at Resp. to Interrog. No. 1.) According to the information produced with the responses, Plaintiff believes there are at least 12 communications after August 15, 2013, that violate the WVCCPA. (*Id.* and at Docs.)

6. Discovery responses are considered "other paper" from which it can be ascertained that an action is removable based upon diversity jurisdiction and the receipt of the discovery responses begins the thirty day period for removal. *See Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 755 (4th Cir. 1996) (citation omitted) ("'motion, order, or other paper' requirement [was] broad enough to include any information received by defendant, 'whether formally or informally communicated'"); *see also Adkins v. Wells Fargo Fin. W. Va., Inc.*, Civil Action No. 5:09-cv-01333, Doc. No. 18, Memo. Op. and Or. (denying a motion to remand and stating that plaintiff's discovery responses – not defendant's responses – are a triggering event for the timing of removal of a matter).

7. Removal is timely pursuant to 28 U.S.C. § 1446(b) if it is filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading,

motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

8. This Court is the District Court embracing Raleigh County, where the Civil Action is currently pending. L.R. Civ. P. 77.2. Venue is therefore proper in this district under 28 U.S.C. § 1441(a) because this district embraces the place in which the removed action has been pending.

9. Pursuant to 28 U.S.C. § 1446(a), copies of the state court docket sheet and all process, pleadings, and orders served in the state court action as of the date of this removal are attached hereto. (Ex. B.)

10. Pursuant to 28 U.S.C. § 1446(d), Auto Trakk is filing this Notice of Removal in the state court action and serving it on Plaintiff. (Ex. C.)

## II. REMOVAL IS PROPER PURSUANT TO DIVERSITY JURISDICTION

11. This civil action is properly removable to this Court because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship among the parties.

**A. There is complete diversity among the parties.**

12. Removal under 28 U.S.C. § 1332(a) is permissible if the action is between citizens of different states.

13. Plaintiff claims she is a resident of West Virginia. (*See* Compl. ¶ 1.)

14. Auto Trakk is a limited liability company. The citizenship of a limited liability company is determined by its members. *Gen. Tech. Applications, Inc. v. EXRO LTDA*, 388 F.3d 114, 121 (4th Cir. 2004). Auto Trakk is wholly-owned by Robert Malcolm, a resident of the Commonwealth of Pennsylvania. (Ex. D, W. Va. Sec. of State ownership information.) Because

Mr. Malcolm is not a citizen of West Virginia, Auto Trakk is not a citizen of West Virginia either.

15. Therefore, the parties are completely diverse in satisfaction of 28 U.S.C. § 1332.

**B.  The amount in controversy threshold has been satisfied.**

16. Title 28 U.S.C. § 1332(a) requires that the amount in controversy in diversity actions exceed $75,000, exclusive of interests and costs.

17. Plaintiff contends there are at least 12 communications after August 15, 2013, that violate the WVCCPA. (*See* Ex. A.)

18. Plaintiff requests, *inter alia*, the maximum statutory penalty adjusted for inflation pursuant to the WVCCPA for each alleged violation. (Compl. at *ad damnum* clause and Ex. A at Resp. to Interrog. No. 6.)

19. At the time of the filing of the Complaint, the WVCCPA permitted recovery of $100 to $1,000 per violation. W. Va. Code § 46A-5-101(4).[1] This amount may be increased to account for inflation "in an amount equal to the Consumer Price Index" based on the time period of September 1, 1974, and "the last consumer price index for all consumers published by the United States Department of Labor." W. Va. Code § 46A-5-106.

20. The CPI for September 1974 was 50.6 and the CPI for February 2016, the last month published, was 237.111. (U.S. Dept. of Labor Consumer Price Index, Table 24, www.bls.gov/cpi/tables.htm, last visited Mar. 21, 2016). Adjusting the maximum violation of $1,000, which Plaintiff has requested per violation, for inflation based on the Department of Labor's Consumer Price Index, the current maximum penalty for a violation is $4,685.99 ((237.111/50.6)*1000).

---

[1] This section was amended on June 12, 2015, mere days after Plaintiff filed her Complaint.

21.     As it appears Plaintiff is seeking the maximum statutory penalties for each of the alleged 12 violations of the WVCCPA, the maximum statutory penalties sought by Plaintiff, therefore, is $56,231.88 (12 x $4,685.99).

22.     Plaintiff is also seeking an unspecified amount of attorney fees and costs. (Compl. at *ad damnum* clause.)

23.     Under the "American Rule," attorney's fees normally do not constitute a part of the amount of controversy because a successful party does not typically collect attorney's fees as part of the judgment. *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933). However, attorney's fees are to be included in calculating the amount in controversy if they are specifically made available by contract or statute. *See Patton v. Fifth Third Bank*, 2006 WL 771924, at *3 (S.D.W. Va. Mar. 24, 2006); *Dunlap v. Green Tree Servicing, LLC*, 2005 WL 3177881, at *5 (S.D.W. Va. Nov. 28, 2005). Here, section 46A-5-104 of the WVCCPA makes attorney's fees available. Accordingly, they must be considered in determining the amount in controversy. *See Patton*, 2006 WL 771924 at *3; *Dunlap*, 2005 WL 3177881 at *5.

24.     Although it is impossible to say with precision what the attorney's fees in this case will be, the *Patton* and *Dunlap* court estimated $25,000 and $18,000, respectively, to be reasonable estimates of the potential amount of attorney's fees in cases brought under the WVCCPA. *Patton*, 2006 WL 771924, *6; *Dunlap*, 2005 WL 3177881, *6.

25.     The total amount of potential statutory penalties and attorney fees that must be considered in determining if the amount in controversy requirement is met is $81,231.88 ($56,231.88 + $25,000).

26.     Thus, the total amount in controversy is met because the statutory penalties and fees sought exceed the $75,000.00 minimum amount required of for diversity jurisdiction.

27.     The amount in controversy is met before taking into consideration all other relief sought by the Plaintiff.  Plaintiff also seeks an unspecified amount of actual and general damages.  (Compl. at *ad damnum* clause.)  Plaintiff further seeks an unspecified amount of punitive damages.[2]  (*Id*.)  Thus, the remaining relief sought in the Complaint is further evidence that the amount in controversy threshold is met.

28.     Accordingly, this Court has diversity jurisdiction and the amount in controversy exceeds $75,000, exclusive of interest and costs.

29.     Thus, this civil action is removable pursuant to 28 U.S.C. § 1332, and Auto Trakk removes this civil action to this Court.

**WHEREFORE**, for the foregoing reasons, and pursuant to 28 U.S.C. § 1446, defendant Auto Trakk, L.L.C. respectfully requests that the above-referenced action, having been properly removed from the Circuit Court of Raleigh County, West Virginia, be docketed and proceed in this Court.

**AUTO TRAKK, L.L.C.**

**By Spilman Thomas & Battle, PLLC**

*/s/ Angela L. Beblo*
Bruce M. Jacobs (WV State Bar No. 6333)
Nicholas P. Mooney II (WV State Bar No. 7204)
Angela L. Beblo (WV State Bar No. 10345)
Post Office Box 273
Charleston, WV  25321
304.340.3800 (*phone*); 304.340.3801 (*facsimile*)
bjacobs@spilmanlaw.com
nmooney@spilmanlaw.com
abeblo@spilmanlaw.com

---

[2] The potential amount of punitive damages must be added to Plaintiff's requested actual damages when determining the amount in controversy for the purpose of diversity jurisdiction. *Weddington v. Ford Motor Credit Co.*, 59 F. Supp. 2d 578, 584 (S.D.W. Va. 1999).  The courts in West Virginia, both state and federal, have followed the precedent by the Supreme Court of the United States announced in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), determining the amount of punitive damages as a single-digit multiple of the amount of actual damages.  *See, e.g., Dunlap*, 2005 WL 3177881, *Boyd v. Goffoli*, 216 W. Va. 552, 608 S.E.2d 169 (2004), *Jackson v. State Farm Mut. Auto. Ins. Co.*, 215 W. Va. 634, 600 S.E.2d 346 (2004).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT BECKLEY

**VIRGIE GRAHAM,**

       **Plaintiff,**

**v.**                                         **Civil Action No. _____**

**AUTO TRAKK, L.L.C.,**

       **Defendant.**

## CERTIFICATE OF SERVICE

I, Angela L. Beblo, counsel for defendant Auto Trakk, L.L.C., do hereby certify that on March 30, 2016, a copy of the foregoing **Notice of Removal** has been served upon counsel of record via electronic notification through the Court's CM/ECF system, as follows:

        Ralph C. Young, Esquire
        Christopher B. Frost, Esquire
        Steven R. Broadwater, Jr., Esquire
        Jed R. Nolan, Esquire
        Hamilton, Burgess, Young & Pollard, PLLC
        PO Box 959
        Fayetteville, WV 25840
        *Counsel for Plaintiff*

        */s/ Angela L. Beblo*
        Angela L. Beblo (WV Bar No. 10345)