CASE 15-C-496          RALEIGH                                    PAGE 0001

VIRGIE GRAHAM              VS. AUTO TRAKK, L.L.C.


LINE   DATE   ACTION

```
 1 06/04/15  CASE FILED-ISSUED SUMMONS & COMPLAINT & RET. TO ATTY FOR SERVICE
 2          SW
 3 06/18/15  REC RET OF SERV "ACCEPTED" BY SEC OF STATE ON BEHALF OF AUTO
 4          TRAKK LLC ON 6/11/15 (AMY)                              (JED)
 5 07/01/15  REC RET OF SERV. ACCEPTED BY "SEE SIGNATURE" ON BEHALF OF AUTO
 6          TRAKK, LLC ON 6/15/15.   SW                            (JED)
 7 07/13/15  ANSWER AND AFFIRMATIVE DEFENSES OF DEFT AUTO TRAKK LLC/CERT OF
 8          SERV. MBS                                              (JED)
 9 07/20/15  NOTICE OF TELEPHONIC SCHEDULING CONFERENCE SET 8/13/15 AT 1:30
10          P.M. W/CERT OF SERV (AMY)   (LS)
11 08/17/15  SCHEDULING ORDER PRETRAIL SET 06/24/16 AT 11:00 AM AND TRIAL SET
12          07/19/16 AT 9:00 AM (YOUNG,BEBLO) (FS)    (LS)
13 07/31/15  CERT OF SERV - PLTF'S FIRST SET OF INTERROS & REQUESTS FOR
14          PRODUCTIOIN OF DOCUMENTS TO DEFT.      DP
15 09/08/15  CERT OF SERV FOR "DEFT AUTO TRAKK, LLC'S RESPONSES TO PLTF"S 1ST
16          SET OF INTERRS & RQSTS FOR PRODUCTION OF DOCUMENTS TO DEFT.
17          GLH      (LS)
18 01/06/16  PLTF'S DISCLOSURE OF FACT WINTNESSES/CERT OF SERV. CNS    (JED)
19 01/12/16  CERT OF SERV-DEFT AUTO TRAKK, LLC'S FACT WITNESS." CNS   (JED)
20 02/01/16  CERT OF SERV/DEFTS 1ST SET OF INTERROGATORIES, REQS FOR
21          ADMISSIONS AND REQS FOR PROD OF DOCS. MBS              (JED)
22 02/17/16  CERT OF SERV - DEFT AUTO TRAKK, LLC'S EXPERT WITNESS DISCLOSURE.
23          DP      (LS)
24 03/03/16  CERT OF SERV "PLTF'S RESPONSES TO DEFT'S 1ST SET OF INTERROGATOR
25          REQUESTS FOR ADMISSIONS & REQUESTS FOR PRODUCTION OF DOCUMENTS"
26          (AMY)      (LS)
```



STATE OF WEST VIRGINIA

COUNTY OF RALEIGH SS:

I, PAUL H. FLANAGAN, Clerk of the Circuit Court of Raleigh County do hereby certify that the foregoing is a true and correct copy from the records of my office as the same exists therein.

IN TESTIMONY WHEREOF, I hereunto place my hand and affix the official seal of this Court, at Beckley this the ___29th___ day of __March__. 20_16_.

_Paul H. Flanagan_

Clerk

# SUMMONS

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

CIVIL ACTION NO. *15-C-496-H*

VIRGIE GRAHAM,                                   PLAINTIFF

V.

AUTO TRAKK, L.L.C.,                              DEFENDANT

To the above-named Defendant:   **AUTO TRAKK, L.L.C.**
Business Filings Incorporated
5400 D Big Tyler Road
Charleston, WV 25313

**IN THE NAME OF THE STATE OF WEST VIRGINIA**: You are hereby summoned and required to serve upon **RALPH C. YOUNG, CHRISTOPHER B. FROST, STEVEN R. BROADWATER, JR.,** and **JED R. NOLAN**, plaintiff's attorney, whose address is **P O BOX 959, FAYETTEVILLE, WEST VIRGINIA 25840**, an answer, including any related counterclaim or defense you may have, to the complaint filed against you in the above-styled civil action, a true copy of which is hereby delivered to you. You are required to serve your written answer with the Clerk of this Court, and with a copy of said answer served upon plaintiff's attorney within **THIRTY (30)** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: _June 4, 2015_

_Paul H. Flanagan_

Clerk of Court

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

VIRGIE GRAHAM,                                    PLAINTIFF

V.                                               CIVIL ACTION NO. *15-C-496-H*

AUTO TRAKK, L.L.C.,                              DEFENDANT

## COMPLAINT

1. The Plaintiff, Virgie Graham, is a resident of West Virginia.

2. The Defendant, Auto Trakk, L.L.C., (herein "Auto Trakk") is a limited liability corporation having its principal offices in a state other than West Virginia and which does business in West Virginia.

3. After the Plaintiff became in arrears upon an alleged indebtedness to the Defendant, Auto Trakk, the Defendant began to engage in collection of such indebtedness through the use of telephone calls placed to Plaintiff, by written communications and did otherwise communicate with Plaintiff to collect the alleged debt.

### COUNT I

*VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT*

4. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

5. The Plaintiff is a "person" who falls under the protection of Article 2 of the *West Virginia Consumer Credit and Protection Act* (herein "WVCCPA") and is entitled to the remedies set forth in Article 5 of the WVCCPA.

6. The Defendant, Auto Trakk, is a debt collector as defined by *West Virginia Code* §46A-2-122(d) engaging directly or indirectly in debt collection as defined by *West Virginia Code* §46A-2-122(c) within the State of West Virginia, including Raleigh County, West Virginia.

7. The Defendant has engaged in repeated violations of Article 2 of the *West Virginia Consumer Credit and Protection Act*, including but not limited to,

   a. attempting to collect a debt by coercion in violation of *West Virginia Code* §46A-2-124;

   b. engaging in unreasonable or oppressive or abusive conduct towards the Plaintiff in connection with the attempt to collect a debt by placing telephone calls to the Plaintiff in violation of *West Virginia Code* §46A-2-125;

   c. causing Plaintiff's phone to ring or engaging persons, including the Plaintiff, in telephone conversations repeatedly or continuously or at unusual times or at times known to be inconvenient, with the intent to annoy, abuse or oppress the Plaintiff in violation of *West Virginia Code* §46A-2-125(d);

   d. utilizing fraudulent, deceptive or misleading representations or means in an attempt to collect a debt in violation of *West Virginia Code* §46A-2-127; and

   e. using unfair or unconscionable means to collect a debt from Plaintiff in violation of *West Virginia Code* §46A-2-128.

8. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT II

### VIOLATION OF THE *WEST VIRGINIA COMPUTER CRIME AND ABUSE ACT*

9. The Plaintiff is a "person" as defined by *West Virginia Code* §61-3C-3(n) as Plaintiff is a "natural person."

10. The Defendant is a "person" as defined by *West Virginia Code* §61-3C-3(n) as Defendant is a "limited partnership, trust association or corporation."

11. The Defendant, with the intent to harass, used an "electronic communication device" as defined by *West Virginia Code* §61-3C-14a to make contact with the Plaintiff after being requested by the Plaintiff to desist from contacting the Plaintiff in violation of *West Virginia Code* §61-3C-14a(a)(2).

12. The Plaintiff was injured as a result of the violations of the *West Virginia Computer Crime and Abuse Act* as set forth above.

13. Plaintiff seeks compensatory damages for injuries as provided by *West Virginia Code* §61-3C-16(a)(1) and punitive damages pursuant to *West Virginia Code* §61-3C-16(a)(2).

14. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT III

### VIOLATION OF THE TELEPHONE HARASSMENT STATUTE

15. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

16. The Defendant made or caused to be made telephone calls to the Plaintiff causing Plaintiff's telephone to ring repeatedly or continuous with the intent to harass the Plaintiff in violation of *West Virginia Code* §61-8-16(a)(3).

17. The Plaintiff was injured by Defendant's violation of *West Virginia Code* §61-8-16(a)(3). As the Plaintiff was injured by Defendant's violation of *West Virginia Code* §61-8-16(a)(3), the Plaintiff has a civil cause of action for damages Plaintiff sustained by reason of said statutory violation pursuant to *West Virginia Code* §55-7-9 which so provides.

18. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT IV

### *INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

19. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

20.   The following conduct of Defendant was atrocious, intolerable and extreme so as to exceed the bounds of decency:

a. Defendant has adopted policies and procedures without regard to West Virginia law, which violate West Virginia law and are designed to, or have the effect of, inflicting emotional distress upon consumers to coerce the consumer to pay money to the Defendant;

b. Insofar as Defendant's violations of the WVCCPA are deemed to be "willful," pursuant to *West Virginia Code* §46A-5-103(4) such conduct is, as a matter of law, criminal conduct punishable by fine and/or imprisonment;

c. Insofar as Defendant's conduct caused a phone to ring with the intent to harass, such conduct is criminal conduct pursuant to *West Virginia Code* §61-8-16(a)(3), §61-8-16(a)(4), §61-8-16(b) and §61-3C-14a.

21.   As a result of the Defendant's actions, the Plaintiff has suffered emotional distress.

22.   As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

## COUNT V

### *COMMON LAW INVASION OF PRIVACY*

23. The Plaintiff incorporates the previous paragraphs as if fully set forth herein.

24. The Plaintiff has an expectation of privacy to be free from harassing and annoying telephone calls.

25. The acts of the Defendant in placing telephone calls to Plaintiff's telephone number invaded, damaged and harmed Plaintiff's right of privacy.

26. As a result of the Defendant's actions, the Plaintiff suffered emotional distress.

27. As a result of the Defendant's actions, Plaintiff has been annoyed, inconvenienced, harassed, bothered, upset, angered, harangued and otherwise was caused indignation and distress.

### DEMAND FOR RELIEF

Plaintiff demands from the Defendant:

A. Actual damages for annoyance, aggravation, distress, bother and anxiety, for the violations of the WVCCPA as authorized by *West Virginia Code* §46A-5-101(1) for all such violations that occurred up to the date and time of the filing of this complaint;

B. Statutory damages in the maximum amount authorized by *West Virginia Code* §46A-5-101(1) as adjusted for inflation pursuant to *West Virginia Code* §46A-5-106 for all such violations that occurred up to the date and time of the filing of this complaint;

C. Plaintiff's cost of litigation, including attorney fees, court costs and fees, pursuant to *West Virginia Code* §46A-5-104;

D. The Plaintiff be granted general compensatory damages and punitive damages for Defendant's conduct alleged in Count II, III, IV and V; and

E. Such other relief as the Court shall deem meet and proper under the attendant circumstances.

**VIRGIE GRAHAM**

BY COUNSEL

HAMILTON, BURGESS, YOUNG
    & POLLARD, *pllc*

BY: _____

Ralph C. Young *(W. Va. Bar #4176)*
    ryoung@hamiltonburgess.com
Christopher B. Frost *(W. Va. Bar #9411)*
    cfrost@hamiltonburgess.com
Steven R. Broadwater, Jr. *(W. Va. Bar #11355)*
    sbroadwater@hamiltonburgess.com
Jed R. Nolan *(W. Va. Bar #10833)*
    jnolan@hamiltonburgess.com
*Counsel for Plaintiff*
P O Box 959
Fayetteville, WV 25840
304-574-2727

F:\CM\22089\22089Complaint.WPD

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WV
CIVIL CASE INFORMATION STATEMENT

| PLAINTIFF(S):<br>**VIRGIE GRAHAM**<br><br>DEFENDANT(S):<br>**AUTO TRAKK, L.L.C.** | CASE NO.:<br>15-C-496 (H) |
|---|---|

**II.     TYPE OF CASE:**

| | TORTS | | OTHER CIVIL | | |
|---|---|---|---|---|---|
| ☐ | Asbestos | ☐ | Adoption | ☐ | Appeal from Magistrate Court |
| ☒ | Professional Malpractice | ☐ | Contract | ☐ | Petition for Modification of Magistrate Sentence |
| ☐ | Personal Injury | ☐ | Real Property | ☐ | Miscellaneous Civil |
| ☐ | Product Liability | ☐ | Mental Health | ☒ | Other |
| ☐ | Other Tort | ☐ | Appeal of Administrative Agency | | |

**III.    JURY DEMAND:**

☐  Yes     ☒  No

Case will be ready for trial by (month/year):  _7 | 2016_

**IV.    DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?**

☐  Yes          ☒  No

**IF YES, PLEASE SPECIFY:**

☐     Wheelchair accessible hearing room and other facilities
☐     Interpreter or other auxiliary aid for the hearing impaired
☐     Reader or other auxiliary aid for the visually impaired
☐     Spokesperson or other auxiliary aid for the speech impaired
☐     Other (please specify): _____

*Attorney Name(s):* Bruce M. Jacobs, Nicholas P. Mooney II, Angela L. Beblo
**WV State Bar No(s).:** 6333, 7204, 10345
*Firm:* Spilman Thomas & Battle, PLLC
*Address:* P.O. Box 273, Charleston, WV 25321
*Telephone:* 304.340.3800; 304.340.3801

*Representing:* **Auto Trakk, LLC**

☐     Plaintiff               ☒     Defendant
☐     Cross-Complainant   ☐     Cross-Defendant

*Dated:* _____ July 10, 2015 _____

*Signature*

☐     *Pro Se*

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

VIRGIE GRAHAM,

    Plaintiff,

v.

                                              CIVIL ACTION NO. 15-C-496 (H)
                                              (Judge John A. Hutchinson)

AUTO TRAKK, L.L.C.,
    Defendant.

### ANSWER AND AFFIRMATIVE DEFENSES OF
### DEFENDANT AUTO TRAKK, LLC

Defendant Auto Trakk, LLC ("Auto Trakk") states as follows for its Answer to the Complaint filed against it by plaintiff Virgie Graham ("Plaintiff"):

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted and must be dismissed pursuant to Rule 12 of the West Virginia Rules of Civil Procedure.

### SECOND DEFENSE

1.      Auto Trakk is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2.      Auto Trakk denies the allegations in paragraph 2 of the Complaint to the extent they allege that Auto Trakk "does business in West Virginia." Auto Trakk admits the remaining allegations in paragraph 2 of the Complaint.

3.      Auto Trakk admits the allegations in paragraph 3 of the Complaint to the extent they allege that Plaintiff had defaulted on a lease agreement with Auto Trakk by failing to make the required payments, and that Auto Trakk communicated with Plaintiff regarding the status of the account. Auto Trakk is currently without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in paragraph 3 of the Complaint, and therefore, denies the same.

4.      In response to the allegations in paragraph 4 of the Complaint, Auto Trakk incorporates its responses in paragraphs 1 through 3 of this Answer as if fully set forth herein.

5.      The allegations in paragraph 5 of the Complaint state a legal conclusion to which no response by Auto Trakk is required.  To the extent a response is deemed necessary, Auto Trakk is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, and therefore, denies the same.

6.      The allegations in paragraph 6 of the Complaint state a legal conclusion to which no response by Auto Trakk is required.  To the extent a response is deemed necessary, Auto Trakk is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, and therefore, denies the same.

7.      Auto Trakk denies the allegations in paragraph 7 of the Complaint, including subparagraphs (a) through (e).

8.      Auto Trakk denies the allegations in paragraph 8 of the Complaint.

9.      Auto Trakk admits the allegations in paragraph 9 of the Complaint.

10.     The allegations in paragraph 10 of the Complaint state a legal conclusion to which no response by Auto Trakk is required.

11.     Auto Trakk denies the allegations in paragraph 11 of the Complaint.

12.     Auto Trakk denies the allegations in paragraph 12 of the Complaint.

13.     Auto Trakk admits that Plaintiff purports to seek compensatory and punitive damages, but Auto Trakk denies that Plaintiff is entitled to compensatory damages under W. Va. Code § 61-3C-16(a)(1) or punitive damages under W. Va. Code § 61-3C-16(a)(2).

14.    Auto Trakk denies the allegations in paragraph 14 of the Complaint.

15.    In response to the allegations in paragraph 15 of the Complaint, Auto Trakk incorporates its responses in paragraphs 1 through 14 of this Answer as if fully set forth herein.

16.    Auto Trakk denies the allegations in paragraph 16 of the Complaint.

17.    Auto Trakk denies the allegations in paragraph 17 of the Complaint.

18.    Auto Trakk denies the allegations in paragraph 18 of the Complaint.

19.    In response to the allegations in paragraph 19 of the Complaint, Auto Trakk incorporates its responses in paragraphs 1 through 18 of this Answer as if fully set forth herein.

20.    Auto Trakk denies the allegations in paragraph 20 of the Complaint, including subparagraphs (a) through (c).

21.    Auto Trakk denies the allegations in paragraph 21 of the Complaint.

22.    Auto Trakk denies the allegations in paragraph 22 of the Complaint.

23.    In response to the allegations in paragraph 23 of the Complaint, Auto Trakk incorporates its responses in paragraphs 1 through 22 of this Answer as if fully set forth herein.

24.    Auto Trakk is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, and therefore, denies the same.

25.    Auto Trakk denies the allegations in paragraph 25 of the Complaint.

26.    Auto Trakk denies the allegations in paragraph 26 of the Complaint.

27.    Auto Trakk denies the allegations in paragraph 27 of the Complaint.

28.    Auto Trakk denies each and every allegation not expressly admitted herein.

29.    Auto Trakk denies that Plaintiff is entitled to any of the relief sought in the *ad damnum* paragraphs of the Complaint.

### THIRD DEFENSE

To the extent found applicable by discovery, Plaintiff's claims may be barred by the doctrines of equitable estoppel, laches, consent, unclean hands, contributory negligence, or comparative negligence.

### FOURTH DEFENSE

The matters of which Plaintiff complains were the direct result of acts or inactions of Plaintiff or third-parties. The matters of which Plaintiff complains were not caused by any action or inaction on the part of Auto Trakk.

### FIFTH DEFENSE

To the extent found applicable by discovery, and to the extent Plaintiff is able to demonstrate that she suffered any damages, Plaintiff has failed to mitigate those damages.

### SIXTH DEFENSE

To the extent found applicable by discovery, and to the extent Plaintiff is able to demonstrate that she suffered any damages, Auto Trakk did not cause those damages.

### SEVENTH DEFENSE

To the extent deemed applicable, any alleged violations of the West Virginia Consumer Credit and Protection Act, if applicable, were unintentional or the result of a *bona fide* error of fact, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error and, therefore, no liability can be imposed under the West Virginia Consumer Credit and Protection Act.

### EIGHTH DEFENSE

Auto Trakk asserts the defense of setoff as to the amount of any indebtedness, if any, owed by Plaintiff to Auto Trakk.

4

## NINTH DEFENSE

Plaintiff does not have standing to assert the claims made in Counts Two and Three of the Complaint.

## TENTH DEFENSE

Auto Trakk reserves the right to assert any additional affirmative defenses and matters in avoidance, including, but not limited to, those contained in Rules 8, 9, and 12 of the West Virginia Rules of Civil Procedure, those contained in the West Virginia Consumer Credit and Protection Act, W. Va. Code §§ 46A-1-101 *et seq.*, and any additional affirmative defenses and matters in avoidance which may be discovered during the course of additional investigation and discovery.

**WHEREFORE**, the defendant, Auto Trakk, LLC, hereby demands that the claims filed against it by the plaintiff, Virgie Graham, be dismissed with prejudice, and that it be awarded any such other relief as the Court deems appropriate.

**AUTO TRAKK, LLC**

**By Spilman Thomas & Battle, PLLC**

Bruce M. Jacobs (WV State Bar No. 6333)
Nicholas P. Mooney II (WV State Bar No. 7204)
Angela L. Beblo (WV State Bar No. 10345)
P.O. Box 273
Charleston, WV  25321
304.340.3800 (*phone*)
304.340.3801 (*facsimile*)

5

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

VIRGIE GRAHAM,

     Plaintiff,

v.

                                         CIVIL ACTION NO. 15-C-496 (H)
                                         (Judge John A. Hutchinson)

AUTO TRAKK, L.L.C.,

     Defendant.

## CERTIFICATE OF SERVICE

     I, Nicholas P. Mooney II, hereby certify that on July 10, 2015, a true copy of the foregoing **Answer and Affirmative Defenses of Defendant Auto Trakk, LLC** was served upon the plaintiff herein by United States Mail and addressed to her counsel of record as follows:

                    Ralph C. Young, Esquire
                    Christopher B. Frost, Esquire
                    Steven R. Broadwater, Jr., Esquire
                    Jed R. Nolan, Esquire
                    Hamilton, Burgess, Young & Pollard, PLLC
                    PO Box 959
                    Fayetteville, WV 25840
                    *Counsel for Plaintiff*

                    Nicholas P. Mooney II (WV Bar #7204)

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

VIRGIE GRAHAM,                                    PLAINTIFF

V.                                               CIVIL ACTION NO. 15-C-496 (H)
                                                 *Judge John A. Hutchison*

AUTO TRAKK, L.L.C.,                              DEFENDANT

## NOTICE OF TELEPHONIC SCHEDULING CONFERENCE

TO:  Auto Trakk, L.L.C.
     % Nicholas P. Mooney II
     Angela L. Beblo
     Spilman Thomas & Battle, PLLC
     P. O. Box 273
     Charleston, WV  25321

You will please take notice that on the **13th day of August, 2015, at 1:30 p.m.,** or

as soon thereafter as the matter may be heard, the undersigned will and conduct a

**Telephonic Scheduling Conference** with the Honorable John A. Hutchison, Judge of the

Raleigh County Circuit Court, Beckley, West Virginia.  Be advised that Plaintiff's

counsel will initiate the call.

**PLAINTIFF**

BY COUNSEL

HAMILTON, BURGESS, YOUNG
    & POLLARD, *pllc*

BY: _____

    Ralph C. Young  *(W. Va. Bar #4176)*
      ryoung@hamiltonburgess.com
    Christopher B. Frost  *(W. Va. Bar #9411)*
      cfrost@hamiltonburgess.com
    Steven R. Broadwater, Jr. (*W. Va. Bar #11355*)
      sbroadwater@hamiltonburgess.com
    Jed R. Nolan *(W. Va. Bar #10833)*
      jnolan@hamiltonburgess.com
    *Counsel for Plaintiff*
    P O Box 959
    Fayetteville, WV 25840
    304-574-2727

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

VIRGIE GRAHAM,                               PLAINTIFF

V.                                           CIVIL ACTION NO. 15-C-496 (H)
                                             *Judge John A. Hutchison*

AUTO TRAKK, L.L.C.,                          DEFENDANT

## CERTIFICATE OF SERVICE

I, **CHRISTOPHER B. FROST**, counsel for Plaintiff, do hereby certify that a copy of the **NOTICE OF TELEPHONIC SCHEDULING CONFERENCE** was served upon counsel of record in the above cause by enclosing the same in an envelope addressed to said counsel of record at the business address disclosed in the pleadings of record herein as follows:

> Nicholas P. Mooney II
> Angela L. Beblo
> Spilman Thomas & Battle, PLLC
> P. O. Box 273
> Charleston, WV 25321

the same being the last known address with postage fully paid and depositing said envelope in the U. S. Mail on the 17th day of July, 2015.

_____
**CHRISTOPHER B. FROST**

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA,

**VIRGIE GRAHAM,**

           Plaintiff(s),

v.

                                                    Civil Action No: 15-C-496-H

**AUTO TRAKK, LLC,**

           Defendant(s).

## SCHEDULING ORDER

The following shall apply to and govern the above-captioned action and activities conducted in connection with it. The parties may not amend, modify or adjust any provision of this Order except by leave of Court.

1. Trial Date:                 **July 19, 2016**      Time: **9:00 a.m.**

2. Pretrial Conference Date:     **June 24, 2016**      Time: **11:00 a.m.**

         **(Instructions and Verdict Form due at Pre-Trial – please file hard copy along with a CD containing the information to the Judge)**

**Both the plaintiff and defendant shall complete the pretrial information sheet and physically exchange it within twenty-four (24) hours of the pretrial conference. Copies should be delivered to the Judge's office the day before the pretrial conference.**

3. Discovery completed on or before:      **April 1, 2016**

4. Dispositive Motions to be filed by:      **April 15, 2016**

5. Plaintiffs to identify expert witnesses by:      **January 8, 2016**

6. Defendants to identify expert witnesses by: **February 12, 2016**

7. All parties to identify fact witnesses by:      **January 8, 2016**

8. All independent medical examinations, physical or scientific tests or similar examinations, tests or studies shall be concluded by, and all reports and/or Rule 26 information transferred by:                **N/A**

9. Third-party complaints to be filed and served on or before: **N/A**

10. Estimated length of trial: **2 days**        Jury or non-jury: **BENCH**

## MEDIATION AND SETTLEMENT CONFERENCE RULES

I am convinced that most attorneys and clients would like to settle their civil cases, big or small, if a fair compromise can be worked out. I am also convinced that a jury trial is a gamble to both sides.

Accordingly, I am requiring mediation to occur in all civil cases unless, after motion and hearing, good cause can be shown for waiving the mediation requirement. Rule 25 of the Trial Court Rules shall govern mediation.

**Scheduling of mediation will occur at least thirty (30) days prior to trial.** All individual parties to the suit will be required to be present at such mediation. All corporate parties and insurers will have to be available in person. Negotiating parties shall not be restricted as to authority to settle. Each attorney will be expected to proffer a brief summary of his or her side of the case. Copies of all deposition transcripts shall be made available for review, on the spot, by the mediator, should a dispute as to testimony arise. Copies of pertinent reports and any applicable medical bills or other evidence of expense shall be presented for review. Lawyer bravado should be left outside, and a cooperative spirit should be exhibited in its stead in an effort to discuss the pros and cons of the case under consideration.

Obviously, there are some cases that are simply "unsettleable" because of contested issues that completely permeate the case. However, as you know, all cases generally have some settlement value. In the past weeks, cases that have settled include medical malpractice cases, troublesome landlord-tenant disputes and several automobile accident cases.

Should you have any questions, whatsoever, about the mechanics of these conferences, please do not hesitate to contact me.

**The Clerk is hereby Ordered to send a copy of this Order to counsel of record.**

**ORDERED** this the 13th day of August, 2015.

_____

John A. Hutchison, Circuit Judge

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

VIRGIE GRAHAM,                                        PLAINTIFF

V.                                                              CIVIL ACTION NO. 15-C-496 (H)
                                                                *Judge John A. Hutchison*

AUTO TRAKK, L.L.C.,                                    DEFENDANT

## CERTIFICATE OF SERVICE

I, RALPH C. YOUNG, counsel for the plaintiff, Virgie Graham, do hereby certify that

a copy of the PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR

PRODUCTION OF DOCUMENTS TO DEFENDANT was served upon counsel of record in

the above cause by enclosing the same in an envelope addressed to said attorney at the

business address as disclosed in the pleadings of record herein as follows:

> Bruce M. Jacobs
> Nicholas P. Mooney II
> Angela L. Beblo
> SPILMAN THOMAS & BATTLE, PLLC
> P. O. Box 273
> Charleston, WV  25321
> *Counsel for Auto Trakk, L.L.C.*

the same being the last known address with postage fully paid and depositing said envelope

in the United States Mail on the 29th day of July, 2015.

RALPH C. YOUNG

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

VIRGIE GRAHAM,

      Plaintiff,

v.

                                    CIVIL ACTION NO. 15-C-496 (H)
                                      (Judge John A. Hutchison)

AUTO TRAKK, L.L.C.,

      Defendant.

## CERTIFICATE OF SERVICE

    I, Sarah B. Smith, hereby certify that on August 31, 2015, a true copy of **Defendant Auto Trakk, LLC's Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents to Defendant** was served upon the parties herein by United States Mail and addressed to their counsel of record as follows:

                    Ralph C. Young, Esquire
                    Christopher B. Frost, Esquire
                    Steven R. Broadwater, Jr., Esquire
                    Jed R. Nolan, Esquire
                    Hamilton, Burgess, Young & Pollard, PLLC
                    PO Box 959
                    Fayetteville, WV 25840
                    *Counsel for Plaintiff*

                    Sarah B. Smith (WV State Bar No. 11700)

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

VIRGIE GRAHAM,                                    PLAINTIFF

V.                                               CIVIL ACTION NO. 15-C-496 (H)
                                                 *Judge John A. Hutchison*

AUTO TRAKK, L.L.C.,                              DEFENDANT

## PLAINTIFF'S DISCLOSURE OF FACT WITNESSES

The following are the names, addresses and telephone numbers of the fact witnesses Plaintiff intends to call at trial:

1. Virgie Graham, Plaintiff.

2. David Graham, Plaintiff's spouse.

3. Any and all fact witnesses identified by the Defendant.

4. Any and all persons identified in the course of discovery.

5. Plaintiff reserves the right to supplement this disclosure as discovery proceeds.

**VIRGIE GRAHAM**

BY COUNSEL

HAMILTON, BURGESS, YOUNG
    & POLLARD, *pllc*

BY: _____
    Ralph C. Young *(W. Va. Bar #4176)*
      ryoung@hamiltonburgess.com
    Christopher B. Frost *(W. Va. Bar #9411)*
      cfrost@hamiltonburgess.com
    Steven R. Broadwater, Jr. *(W. Va. Bar #11355)*
      sbroadwater@hamiltonburgess.com
    Jed R. Nolan *(W. Va. Bar #10833)*
      jnolan@hamiltonburgess.com
    *Counsel for Plaintiff*
    P. O. Box 959
    Fayetteville, WV 25840
    304-574-2727

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

VIRGIE GRAHAM,                                    PLAINTIFF

V.                                               CIVIL ACTION NO. 15-C-496 (H)
                                                 *Judge John A. Hutchison*

AUTO TRAKK, L.L.C.,                              DEFENDANT

## CERTIFICATE OF SERVICE

I, Jed R. Nolan, counsel for the plaintiff, do hereby certify that a copy of the

**PLAINTIFF'S DISCLOSURE OF FACT WITNESSES** was served upon counsel of record in the

above caused by enclosing the same in an envelope addressed to said attorney at the

business address as disclosed in the pleadings of record herein as follows:

> Bruce M. Jacobs, Esq.
> Nicholas P. Mooney II, Esq.
> Angela L. Beblo, Esq.
> Spilman Thomas & Battle, PLLC
> 300 Kanawha Boulevard, East
> P. O. Box 273
> Charleston, WV  25321-0273
> *Counsel for Defendant*

the same being the last known address with postage fully paid and depositing said

envelope in the United States Mail on the 4th day of January, 2016.

_____
JED R. NOLAN

F:\CM\22089\22089Fact Witnesses.wpd

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

VIRGIE GRAHAM,

      Plaintiff,

v.

AUTO TRAKK, L.L.C.,

      Defendant.

CIVIL ACTION NO. 15-C-496 (H)
(Judge John A. Hutchison)

### CERTIFICATE OF SERVICE

    I, Angela L. Beblo, hereby certify that on January 8, 2105, a true copy of **Defendant Auto Trakk, LLC's Fact Witness Disclosure** was served upon the parties herein by United States Mail and addressed to their counsel of record as follows:

        Ralph C. Young, Esquire
        Christopher B. Frost, Esquire
        Steven R. Broadwater, Jr., Esquire
        Jed R. Nolan, Esquire
        Hamilton, Burgess, Young & Pollard, PLLC
        PO Box 959
        Fayetteville, WV 25840
        *Counsel for Plaintiff*

        Angela L. Beblo (WV State Bar No. 10345)

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

VIRGIE GRAHAM,

      Plaintiff,

v.                                 CIVIL ACTION NO. 15-C-496 (H)
                                     (Judge John A. Hutchison)

AUTO TRAKK, L.L.C.,

      Defendant.

## CERTIFICATE OF SERVICE

I, Angela L. Beblo, hereby certify that on January 29, 2105, a true copy of **Defendant's First Set of Interrogatories, Requests for Admissions and Requests for Production of Documents** was served upon the parties herein by United States Mail and addressed to their counsel of record as follows:

                Ralph C. Young, Esquire
                Christopher B. Frost, Esquire
                Steven R. Broadwater, Jr., Esquire
                Jed R. Nolan, Esquire
                Hamilton, Burgess, Young & Pollard, PLLC
                PO Box 959
                Fayetteville, WV 25840
                *Counsel for Plaintiff*

                Angela L. Beblo (WV State Bar No. 10345)

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

VIRGIE GRAHAM,

     Plaintiff,

v.

                               CIVIL ACTION NO. 15-C-496 (H)
                               (Judge John A. Hutchison)

AUTO TRAKK, L.L.C.,

     Defendant.

## CERTIFICATE OF SERVICE

    I, Angela L. Beblo, hereby certify that on February 12, 2016, a true copy of **Defendant Auto Trakk, LLC's Expert Witness Disclosure** was served upon the parties herein by United States Mail and addressed to their counsel of record as follows:

                Ralph C. Young, Esquire
                Christopher B. Frost, Esquire
                Steven R. Broadwater, Jr., Esquire
                Jed R. Nolan, Esquire
                Hamilton, Burgess, Young & Pollard, PLLC
                PO Box 959
                Fayetteville, WV 25840
                *Counsel for Plaintiff*

                Angela L. Beblo (WV State Bar No. 10345)

IN THE CIRCUIT COURT OF RALEIGH COUNTY, WEST VIRGINIA

VIRGIE GRAHAM,                                              PLAINTIFF

V.                                                         CIVIL ACTION NO. 15-C-496 (H)
                                                           *Judge John A. Hutchison*

AUTO TRAKK, L.L.C.,                                        DEFENDANT

## CERTIFICATE OF SERVICE

I, JED R. NOLAN, counsel for the plaintiff, Virgie Graham, do hereby certify that

a copy of the PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF

INTERROGATORIES, REQUESTS FOR ADMISSIONS, AND REQUESTS FOR PRODUCTION

OF DOCUMENTS was served upon counsel of record in the above cause by enclosing the

same in an envelope addressed to said attorney at the business address as disclosed in

the pleadings of record herein as follows:

> Angela L. Beblo, Esq.
> SPILMAN THOMAS & BATTLE, PLLC
> P. O. Box 273
> Charleston, WV 25321
> *Counsel for Defendant*

the same being the last known address with postage fully paid and depositing said

envelope in the United States Mail on the 29th day of February, 2016.

JED R. NOLAN